IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Anthony Noll, on behalf of plaintiff and the class members described below,<br><br>       Plaintiff,<br><br>v.<br><br>Weltman Weinberg & Reis Co. LPA and U.S. Bank National Association ND,<br><br>       Defendants. | Case No. 3:13cv551 BBC<br><br>Judge: Barbara Crabb |

### **JOINT AGREED FED.R.EVID. 502(D) ORDER**

Pursuant to Fed.R.Evid. 502(d), the parties hereby stipulate to the entry of the following Fed.R.Evid. 502(d) order ("Order").

1. For the purposes of this Order, the following definitions shall apply:

    An "inadvertently produced document" or "inadvertent production" is a document or electronically stored information ("ESI") that a party to this litigation provides to the opposing party in this case but that should have been withheld by the Producing Party, in whole or in part, based on a claim of privilege, work-product protection, confidentiality, or other restrictions on disclosure, and for which the Producing Party provides the notice required in this Order.

    The "Producing Party" is the party that provides an inadvertently produced document.

    The "Receiving Party" is a party that receives an inadvertently produced document.

2. Pursuant to the agreement of the parties under Fed. R. Evid. 502(e) and by Order of this Court under Fed. R. Evid. 502(d), no disclosure, production, or exchange of documents or information in this case shall constitute a waiver of any applicable privilege or of any applicable work-product protection in this or any other federal or state proceeding. This Order applies to any documents or ESI disclosed, exchanged, produced, or discussed, whether intentionally or

inadvertently, among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation.

3. This Order applies regardless of whether the documents or ESI describe or relate to actions taken in this litigation, or in prior or separate litigations.

4. Upon learning of an inadvertent production, the Producing Party shall promptly give all counsel of record notice of the inadvertent production. The notice shall identify the document or ESI, the portions of the document or ESI that were inadvertently produced, and the first date the document or ESI was produced. If the Party that produced a document or ESI claims that only a portion of the document or ESI was inadvertently produced, the Party shall provide with the notice of inadvertent production a new copy of the document or ESI with the allegedly privileged portions redacted.

5. Upon receiving notice of an inadvertent production or upon determining that a document or ESI received is known to be privileged, the Receiving Party must promptly return, sequester or destroy the specified information and any copies it has, and shall destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged information. The Receiving Party may not use or disclose the information until the claim is resolved. If the Receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve and prevent further use or distribution of such information until the claim is resolved.

6. A Party receiving documents or ESI produced by another Party is under a good-faith obligation to promptly alert the Producing Party if a document or ESI appears on its face or in light of facts known to the Receiving Party to be privileged.

130666697v1 0949816

7. To the extent that any Party obtains any information, documents or communications through inadvertent disclosure, such information, documents, and communications shall not be filed or presented for admission into evidence or sought in discovery by that Party in any action.

8. If the Receiving Party challenges a claim that a document or ESI is properly privileged, the Receiving Party may in connection with a good-faith challenge, make reference to the contents of the document or ESI in any paper submitted to the Court, so long as such filing is made under seal. If requested by the Receiving Party, the Producing Party shall provide such document or ESI to the Court for in-camera review.

9. If the Court sustains a claim that a produced document or produced ESI is properly a privileged document or privileged ESI, the Receiving Party shall, within two (2) days of the Court's order, return the privileged document or privileged ESI and any copies it has, destroy any notes relating to the privileged document or privileged ESI, and advise the Producing Party in writing of the return and destruction.

10. Nothing in this Order shall be construed to require the production of any document or ESI that a Party contends is protected from disclosure by an applicable privilege and/or the work - product doctrine.

The parties, by their respective representatives, hereby agree and stipulate to each of the terms and conditions as set forth in the foregoing Order.

## COURT APPROVAL

SO ORDERED

Dated: 11/21/2013

*/s/ Peter Oppeneer*
~~Barbara C. Crabb~~ PETER OPPENEER
United States ~~District Judge~~ magistrate judge
Western District of Wisconsin